UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>                        Plaintiff,<br><br>         v.<br><br>MULE CREEK STATE PRISON, et al.,<br><br>                        Defendants. | No. 2:21-cv-2104 DB<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS;<br><br>ORDER TO PAY FILING FEE<br><br>(ECF No. 7) |

   Plaintiff is a state prisoner proceeding pro se. On February 11, 2022, the undersigned issued findings and recommendations recommending this case be dismissed because the complaint contained identical allegations to an earlier-filed case, Miller v. MCSP, et al., No. 2:21-cv-2002 JAM DMC.

   In Miller v. MCSP, No. 2:21-cv-2002 JAM DMC (the "prior case"), the court determined based on a review of plaintiff's prison trust account statement that, as of November 3, 2021, plaintiff had $1,994.60 in available funds, which the court then determined to be an amount sufficient to pre-pay the filing fees for this action. The outcome of the prior case was a dismissal without prejudice to refiling upon pre-payment of the filing fee.

   Because the prior case was dismissed without prejudice to refiling, the undersigned finds it appropriate to vacate the recommendation to dismiss this case as duplicative to the prior case and to review plaintiff's request to proceed in forma pauperis in the present case.

1    Plaintiff's application to proceed in forma pauperis in the present case, filed on November
2 15, 2021, stated plaintiff had received $3213.51 in gifts and inheritances in the last 12 months and
3 did not expect to receive more money. (ECF No. 2.) According to a prison trust account
4 statement, plaintiff had $1,755.42 in available funds on November 18, 2021. (ECF No. 4.) This is
5 an amount sufficient to pre-pay[1] the filing fee.

6    Plaintiff was able to pay the filing fee and costs at the time of filing this action. Plaintiff
7 has not made the showing of indigency required by 28 U.S.C. § 1915(a). See Olivares v.
8 Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448,
9 1449 (9th Cir. 1993).

10   Plaintiff will be allowed an opportunity to submit the required fees totaling $402.00 to
11 proceed in this case. If plaintiff wants to proceed with this case but can no longer pay the filing
12 fee, then plaintiff shall inform the court why he can no longer pay the fee. See Alexander, 9 F.3d
13 at 1449. Plaintiff is cautioned that failure to pay the fee or explain why he cannot do so will result
14 in a recommendation that the application to proceed in forma pauperis be denied and the instant
15 action be dismissed without prejudice.

16   In accordance with the above, IT IS HEREBY ORDERED:

17   1.   The findings and recommendations filed February 11, 2022 (ECF No. 7) are
18 VACATED;

19   2.   Plaintiff shall submit, within twenty (20) days from the date of this order, the
20 required fees in the amount of $402.00; if plaintiff can no longer pay the filing fee, then plaintiff
21 must inform the court why he can no longer pay the fee; failure to comply with this order will
22 result in a recommendation that this action be dismissed.

23 Dated: April 4, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[1] If leave to file in forma pauperis is granted, then plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $52.00 administrative fee.

2

DLB7.mill2104.vacfr